JAMES HOLLIDAY, appellant *v.* THOMAS SWAILES, appellee.

*Appeal from Morgan.*

In proceedings under the "*Act regulating Inclosures*," it is necessary that the justices of the peace before whom proceedings are had, should notify the defendant of the same.

An appeal lies from the decision of two justices of 'the peace, under the "*Act regulating Inclosures*."

ON the 27th day of June, 1837, the following transcript was filed in the office of the clerk of the Morgan Circuit Court:

" Thomas Swailes  
    *v.*  
James Holliday.

This day came Thomas Swailes and filed his bill against James Holliday, for making a partition fence upon the line dividing the land of the said Swailes and Holliday, the fence aforesaid having been made agreeable to an order from us to the said Swailes, dated the 12th day of May, A. D. 1837—and witnesses having been heard on oath touching the equity of said demand, and it being further proved that said partition fence dividing the lands of the aforesaid Swailes and Holliday, is in Township fifteen North, Range eleven West, in Morgan county: It is considered that the demand of said Swailes is just, and is hereby allowed,

and that judgment be rendered against said Holliday for fifty-eight dollars and eighty cents, and that warrant issue against said Holliday's personal estate, agreeably to the statute in such case made and provided. '

Given under our hands and seals this 14th day of June, 1837.

SAMUEL S. BROOKS, J. P.   [L.S.]<br>MATTHEW STACY, J. P.   [L.S.]

State of Illinois,  ⎱<br>Morgan County.  ⎰ ss.

I hereby certify the foregoing to be a true copy of the order or judgment on my docket in the case of Thomas Swailes v. James Holliday.

SAMUEL S. BROOKS, J. P."

On the same day Holliday filed in the office of the clerk of said Court, an appeal bond.

At the October term, 1837, of said Court, Swailes moved to dismiss the appeal. Whereupon Holliday entered a cross motion to vacate and annul the proceedings of the justices, which was overruled, and the motion of Swailes sustained. Holliday appealed to this Court.

WILLIAM THOMAS, for the appellant.

MURRAY McCONNELL, for the appellee.

WILSON, Chief Justice, delivered the opinion of the Court:

The record shows this to have been a proceeding under the "Act regulating Inclosures,"(1) and that upon the application of Swailes to two justices, they rendered a judgment in his favor against Holliday for $58 80, being a moiety of the estimated cost of a division fence. From this judgment Holliday appealed to the Circuit Court, and moved the Court to reverse the judgment upon the ground that he had not appeared before the justices, or been notified to do so, which also appears from the record. The Court overruled this motion, and, upon the application of Swailes, dismissed the appeal. In support of this decision, it is argued, that inasmuch as the act authorizing this proceeding, does not require the defendant to be notified, nor provide for an appeal from the justices' judgment, that therefore no notice is necessary, and that the judgment is final. The correctness of this inference cannot be admitted. If it is even conceded that the act conferring general jurisdiction on justices, which requires "all suits before them to be commenced by summons," is to be construed to apply only to cases arising under that act, it was nevertheless necessary that the justices should have notified the defendant of the prosecution against him. It would be a violation of one of the first principles of justice and of judicial pro-

(1) R. L. 261; Gale's Stat. 277.

ceedings, to try and decide upon the rights of an individual either civilly or criminally, without notice; and consequently without affording him an opportunity of defending himself. The question of appeal is settled by the act allowing appeals in certain cases.(1) That act authorizes appeals in *qui tam,* and other actions for forfeitures and penalties. This case is of the latter denomination. The warrant against Holliday was for a claim in the nature of a penalty charged to have been incurred by him in neglecting to make and keep in repair a division fence between him and the plaintiff agreeably to the act regulating enclosures.

The judgment of the Circuit Court is therefore reversed, and also that of the justices, for irregularity.

*Judgment reversed.*

' *Note.* See Hubbard *et al. v.* Freer, *Ante* 467, and note; Waldo *et al. v.* Averett, *Ante* 487.

(1) Acts of 1835, 153; Gale's Stat. 182.